James v. Pine Bluff.

## JAMES v. PINE BLUFF.

49 199
59 498
49 199
74 516

1. MUNICIPAL CORPORATIONS: *Construction of sidewalks: Act of March 21, 1885, constitutional.*

    The act of March 21, 1885, conferring power on cities of the first-class, to require owners of lots to build and maintain suitable pavements, or sidewalk improvements along their premises, when necessary to the safety or convenience of travel, and to enforce obedience by fines, is a delegation of the police power of the State and not unconstitutional.

2. SAME: *Ordinance for building sidewalks.*

    An ordinance enforcing the construction of sidewalks, under the act of 1885, for the better government of cities of the first-class, to be valid, must conform to the statute, apply to all property on the street or within the designated part of the city where the necessity for the improvement exists, and in prescribing the dimensions of the sidewalk and quality of material to be used, must be reasonable and not oppressive to the lot owner.

3. SAME: *Same: Presumption on appeal.*

    On appeal from a conviction for disobedience to an ordinance, requiring the construction of a sidewalk ten feet wide and to be made of brick with a curb, it will be presumed, in the absence of proof to the contrary, that a pavement of that width was necessary at the point designated, and that a brick pavement was required because it was within the fire limits of the city.

APPEAL from *Jefferson* Circuit Court.

J. A. WILLIAMS, Judge.

*M. L. Bell* for plaintiff in error.

The ordinance is unconstitutional, as an attempt to levy a tax upon property owners, in a manner not authorized by the Constitution. See *32 Ark., 31; Monticello v. Banks, 47 id., sec. 4, art. 12, Const. 1874.*

This is a special tax, not *ad valorem*, and void. A municipal corporation has no inherent power to levy taxes; it can levy only such as are authorized by law. *Vance v. Little Rock, 30 Ark., 435.* It was the intention of the constitutional convention to cut off utterly all power in counties, cities, etc., beyond the limits assigned in *sec. 4. art. 12. Sec. 9, art. 16, Const.; Brodie v. McCabe, 33 Ark., 690.*

The power of taxation cannot be embraced under the general police powers. The term police power is not mentioned in the Constitution, and like the general welfare clause in the Constitution of the United States, is too elastic in its nature to be a safe guide in levying of taxes.

The act of 1885 is in conflict with the Constitution, and the ordinance passed under it was without authority.

*W. E. Hemingway*, City Attorney, for defendant in error.

The ordinance is valid as a valid exercise of the police power under the act of 1885. *Cooley on Const. Lim., top p. 629; id., top p. 727; Cooley Taxation, 398; 2 Desty on Taxation, sec. 1364; Burroughs on Taxation, 494; 16 Pick., 504; 2 Metc., 107; 8 id., 180; 6 Cush., 223; 6 Humph., 368; 1 Swan., 177; 2 id., 364; 57 Miss., 378; 12 Rich. (S. C.), 733; 53 Penn., 280–3; 6 Col., 106; 8 Mich., 309–10; 31 Gratt., 511; 19 Ohio,*

*419; 36 Barb., 326; 13 N. J. (1 Green), 196; 36 N. J., 446; 37 id., 447; 8 Vroom, 423.*

All the cases except in Illinois (*34 Ill., 203; 111 Ill., 538,*) hold it to be no tax, but a police regulation and valid.

SMITH, J., In September, 1885, the city council of Pine Bluff, a city of the first-class, adopted an ordinance, requiring owners of lots in a designated part of the city, to construct and maintain sidewalks of prescribed material and dimensions, along the streets upon which their lots abutted. It provides for a notice to be served on lot owners, warning them to build the sidewalks within a given time; and upon failure to do so, they are liable to be fined, as for a misdemeanor. The plaintiff in error owned certain lots in the district and failed to build sidewalks along them. Notice was given him and he still refused to comply with the ordinance, whereupon a prosecution was instituted against him in the police court. The police judge declared the ordinance invalid, but on appeal to the Circuit Court the plaintiff in error was convicted and fined ten dollars. The cause was tried upon an agreed statement of facts, from which it appears that the ordinance conforms to the act of March 21, 1885, entitled, an act for the better government of cities of the first-class, and to confer enlarged and additional powers on such cities, etc. It is conceded that if this act be constitutional, the plaintiff in error is liable to the penalties denounced for a violation of the ordinance.

The third section of the act confers upon cities of the first-class, that is, cities which have been ascertained to have a population of 5000 inhabitants, power to require the owner to build and maintain suitable pavement or sidewalk improvements along their premises, whenever the same may become necessary to the safety or convenience of travel, and to designate the kind of sidewalk to be made and the kind of material to be used, and the time within which such improvement is re-

quired to be completed; also power to enforce obedience to the sidewalk ordinance by the imposition of fines.

If the power to compel owners of property to build sidewalks in front of their property is exclusively referable to the taxing power of the State, the act, as a delegation of that power to a municipal corporation, cannot be sustained, for it violates the constitutional principle of taxation according to the value of the property; and considered as an assessment for local improvement it dispenses with the consent of a majority in value of the property holders, whose property is to be affected.  *Constitution of 1874, art. 19, sec. 27; Peay v. Little Rock, 32 Ark., 31; Monticello v. Banks, 48 id., 251; Dillon's Municipal Corporations, 3d ed., sec. 800; Howell v. Bristol, 8 Bush., 490.*

Says an eminent writer on constitutional law and on the law of taxation:

"The cases of assessment for the construction of walks by the sides of streets in cities and other populous places, are more distinctly referable to the power of the police.  These foot-walks are not only required as a rule to be put and kept in proper condition for use by the adjacent proprietors, but it is quite customary to confer by the municipal charters, full authority on the municipalities to order the walks of a kind and quality, by them prescribed, to be constructed by the owners of the adjacent lots at their own expense, within a time limited by the order for the purpose, and that in case of their failure so to construct them, it shall be done by the public authorities, and the costs collected from such owners, or made a lien upon their property.

"When this is done, the duty must be looked upon as being enjoined as a police regulation, made because of the peculiar interests such owners have in the walks, and because their situation gives them peculiar fitness and ability for performing, with promptness and convenience, the duty of putting them in

James v. Pine Bluff.

proper state, and of afterwards keeping them in a state suitable
for use. Upon these grounds, the authority to establish such
regulations has frequently been supported." *Cooley on Taxa-
tion, 2d ed., 588;* compare *Burroughs on Taxation, 494,* and *2
Desty on Taxation, sec. 190.*

It is somewhat difficult to understand how the police power
can be extended to matters which do not concern the preser-
vation of the peace, good order, safety, health and morals of
the community, nor the protection of property. If taxation is
the exaction of money or services from individuals, as the share
to be contributed by them to a public burden (*People v.
Mayor, 4 Comst., 423*), then an ordinance requiring the adjacent
proprietors to make sidewalks would seem to be a species of
tax. For it imposes a private burden for the public benefit.

1. MUNICIPAL CORPORA- TIONS: ⸻ Construction of sidewalks: Act of 1885.

Yet an examination of the adjudged cases will show that
the courts have not taken this view. The oldest case on the
subject that we have found is *Paxson v. Sweet, 1 Green's Law
Rep. (N. J.), 196,* decided in 1832. The city of Trenton was
authorized to make such by-laws as to the common council
should seem "necessary for the good government of the city,
and for the regulation and paving of the streets and highways."
And it was held that an ordinance requiring the owner of every
lot fronting on a designated section of a certain street, to fix
curbstones and make a brickway or sidewalk in front of his lot,
was neither unconstitutional, illegal, nor unreasonable.

In 1835 the case of *Goddard, Petitioner, 16 Pick., 504,* was
decided. The Constitution of Massachusetts provided that
assessments, rates and taxes imposed and levied on the inhab-
itants of the commonwealth should be proportional and rea-
sonable. A by-law of the city of Boston required the owners
or occupants of houses bordering on streets to clear the snow
from the sidewalks adjoining their respective houses and lands.
This was declared not to be the levying of a tax, nor partial
and unequal within the sense of the constitutional provision,

inasmuch as the burden created was imposed on a numerous class, and upon all persons equally who came within the description of such class; upon those, moreover, who commonly derived a peculiar benefit from the duty required and who were peculiarly able to perform it with the promptness which the good of the community demanded.

Perhaps this case might be justified on the ground that the ordinance directed the lot owner to abate a nuisance on or near his premises. But in *Lowell v. Hadley*, *8 Metc.*, *180*, an assessment on the owner of buildings in a city, for the expense of a sidewalk constructed on a street in front of the buildings, by order of the city council, was held to be constitutional and valid. See, also, *Franklin v. Mayberry*, *6 Humph.*, *368; Washington v. Nashville*, *1 Swan*, *177; Whyte v. Nashville*, *2 id.*, *364; DeBlois v. Barker*, *4 R. I.*, *445; Cemetery Co. v. Buffalo*, *46 N. Y.*, *503; Borough of Greensburg v. Young*, *53 Penn. St.*, *280; Sands v. Richmond*, *31 Gratt.*, *571; S. C.*, *31 Amer. Rep.*, *742; State v. City Council of Charleston*, *12 Rich. (S. C.)*, *702; Bonsall v. Lebanon*, *19 Ohio*, *418; Macon v. Patty*, *57 Miss.*, *378; S. C.*, *34 Amer. Rep.*, *451; Hyde v. Joyes*, *4 Bush.*, *464; Palmer v. Way*, *6 Col.*, *106.*

In fact, the Supreme Court of Illinois is the only court known to us that has declared and maintained a different rule. In the face of such unanimity of decision, we must decline to hold that the Legislature exceeded its powers in enacting the law in question.

There is a recognized distinction between a sidewalk and the rest of the street. *Hart v. Brooklyn*, *36 Barb.*, *226; Woodbury v. Detroit*, *8 Mich.*, *309; Sands v. Richmond*, *sup.; Palmer v. Way*, *supra.*

Thus Chief Justice George, speaking for the court, in *Macon v. Patty*, says:

"If this were a local assessment it would be void. The improvement, however, is the repair of a sidewalk and not

of a street; and it seems to be well settled that the paving and repairing of a sidewalk in front of the owner's property may be imposed upon him as a police regulation."

The Supreme Court of Pennsylvania says :

"The charge for paving a sidewalk is not a tax. Such ordinances we believe to have been always usual. Although a sidewalk is in fact a part of a street, yet a distinction between it and the main body of the street has been usually made, especially in regard to the expense of paving and grading it." *Borough, etc., v. Young, 53 Penn , 280–3.*

And in *Goddard, Petitioner, supra,* the judgment of the court proceeds in part upon the ground that the owner of a lot abutting on a street has a peculiar interest in the sidewalk in front of his property, and a peculiar use in it, notwithstanding the public easement; for example, in accommodating his cellar door and steps, furnishing a passage for fuel and a passage also from his house to the street.

It must not be supposed, however, that the city council possesses unrestricted power in the premises. For instance : The expense of making sidewalks in front of his property cannot be imposed upon one individual alone, but, according to the provisions of the act, the sidewalk improvement is to be ordered "by a general ordinance for all property owners or occupants on a certain street or streets, or within a certain quarter where the necessity thereof" exists. Another limitation upon the power, which the courts will enforce, is that the ordinance, prescribing the dimensions of the sidewalk and quality of materials to be used in its construction, must be reasonable and not oppressive to the lot owner. In the case at bar, the foot-way was to be ten feet wide and to be made of brick with a curb. In the absence of proof to the contrary, it will be presumed that a pavement of that width was necessary at that point to accommodate pedestrians, and that a

2. Same: Ordinance for building side-walks.

3. Same: Same : Presumption on appeal.

brick pavement was prescribed because it was within the fire limits of the town.

Regarding such imposition as made under the police power, Mr. Burroughs, in his work on Taxation, at page 494, says : "As a general rule it is believed that in such cases the duty consists, either in keeping the walk in repair, or in constructing a footing of plank, or some similar material not very expensive, and not in constructing permanent and expensive pavements."

And in *Macon v. Patty, supra*, it is said : " The police power in such cases, having reference only to the health and convenient intercourse of the citizens and general public, it would seem, ought not to be exerted to impose a burden, not necessary to the end proposed. The lot owner, when ordered to make or repair his sidewalk, it would appear, has fully complied with his duty when he has used such material as makes the walks dry, as a requisite for health, and smooth and firm for the easy and convenient passage of the public. * * * This power ought not to be extended beyond the just limits for which it is granted, and should not be made subservient to the imposition of burdens for improvements, useful only for the adornment of the public streets."

Judgment affirmed.