BLANKENSHIP & BLAKE CO. v. MOORE BROS.

(No. 6563.)

APPEAL from McLennan County.   Opinion by WILL-SON, J.

W. H. HARDY and D. H. HARDY, counsel for appellants.

No counsel appeared for appellees.

§ 145. *Garnishment; judgment against garnishee; erroneous in the absence of either an affidavit, bond, writ, or evidence of their loss, or that such papers ever existed; case stated.*   One Edmunds was garnished by appellees as the debtor of Potts Bros., and he answered that he leased from appellants a lumber-yard, for which he agreed to pay them at the rate of $400 per annum, to be paid quarterly in instalments of $100 each; that there was then due by him on said contract of lease $100, and that other instalments would become due on said contract at said rate for the period of three years from April 2, 1887, the instalments having been paid up to October, 1887.   He further stated in his answer that appellants, in June, 1887, notified him that they had transferred said lumber-yard and lease contract to Potts Bros., and that after said date he had paid the rent falling due to said Potts Bros.   Appellants intervened, claiming said rent as their property, alleging that they had sold the lumber-yard to Potts Bros. on credit, with the understanding and express agreement that they were to collect and have the rent accruing under said lease from Edmunds, and that the same was to be placed as credits upon the indebtedness of Potts Bros. to them for the purchase-money of said lumber yard.   Upon a trial of the cause, the court adjudged that appellants, intervenors, take nothing, and pay the costs of their intervention, and that appellees recover of said garnishee $361.53,

a portion of which being for rent not then due, but to become due under said lease contract.

Appellants' eleventh assignment of error is as follows: "The judgment of the court is erroneous, because there is in the record no affidavit nor bond for writ 'of garnishment, and no writ of garnishment; nor was there either affidavit, bond nor writ at the time of the trial of this cause; nor was there made or filed in the cause any affidavit of loss of such records; nor was there evidence on the trial that there ever had been such affidavit or bond or writ of garnishment in the record." This assignment is sustained by the record, and is fatal to the judgment. [Insurance Co. v. Friedman, 74 Tex. 56.]

§ **146.** *Garnishee; judgment against; should not be rendered for a sum greater than his indebtedness.* Appellants' fifth assignment of error must also be sustained. It is as follows: "The judgment is erroneous, because, while the answer of the garnishee admitted an indebtedness due of but $100, the said judgment is for $361.53, and twelve per cent. per annum interest from May 21, 1888, and nevertheless there was no proof that any further amount of said rents had ever become due to said Potts Bros. & Co. by the garnishee." While it is true that the garnishment bound whatever amount of rent was due by Edmunds at the date of the service upon him of the writ, and also whatever amount he owed at the date of his answer to the writ, it could not, we think, reach and hold amounts which might become due by him after the date of his answer. [Tirrell v. Canada, 25 Tex. 455; Gause v. Cone, 73 Tex. 239.] At the date of the garnishee's answer in this case he was indebted in the sum of $100, and no more; and it was error to render judgment against him for a greater sum, and especially for a sum which was contingent, and might never become due. Other questions presented in the record are not determined, because not likely to arise on another trial.

June 21, 1890.                    Reversed and remanded.