SCHEPFLIN, BALDWIN, TWEEDY & Co. v. BEN SMALL ET AL.

No. 72.

1. **Community Property.** — Rents arising from the separate real estate of the wife are community property, and subject to garnishment for the debts of the husband. Rhine v. Blake, 59 Texas, 240, followed.

2. **Conveyance to Trustee of Separate Property of Wife.** — The husband and wife can convey the separate land of the wife to a trustee, authorizing the trustee to use the proceeds thereof in the support and maintenance of the wife and children.

3. **Garnishment, What Subject to.** — The amount due by garnishee at the time of filing answer is subject to garnishment, and what becomes due after he discloses is not held by the writ.

ERROR from El Paso. Tried below before Hon. J. E. TOWNSEND, County Judge.

*Allen Blacker* and *Zeno B. Clardy*, for plaintiffs in error.—The rents of the wife's separate estate are community property, and liable for the debts of the husband. Rev. Stats., arts. 2852, 2857, 2164; Conner v. Hawkins, 66 Texas, 639; Braden v. Gose, 57 Texas, 37; Taylor v. Murphy, 50 Texas, 302; 3 Am. and Eng. Encycl. of Law, 350, 357, 360.

*H. H. Neill* and *W. B. Brack*, for defendants in error.—1. It is the duty of the husband to support his wife and educate her children out of

the proceeds of her lands; and when he is insolvent, and there is no other-community estate than the rents issuing out of her lands, and all these are required for her support and the education of her children, the creditors of her husband can not by writ of garnishment prevent him from discharging the duty aforesaid.

2. A creditor acquires by writ of garnishment no higher right than his debtor. Cartwright v. Hollis, 5 Texas, 168; Rev. Stats., art. 2856; Pome. on Eq., sec. 1114; Drake on Att., sec. 458.

JAMES, Chief Justice.—This cause is presented to us on agreed facts. The controlling facts appear to be these:

Maurice Ullman was indebted to plaintiffs in error on a judgment for $1070.08, and by virtue thereof plaintiffs instituted garnishment proceedings against Ben Small, the defendant in error, who was a tenant occupying separate real property of Louisa Ullman, the wife of Maurice Ullman. It appeared that soon after the garnishment Ullman and wife conveyed all the wife's separate realty (consisting of the premises occupied by Small, and other similar property, all occupied by tenants garnished also by plaintiffs in error) to Sidney Ullman, as trustee, in trust to collect the rents and appropriate the same to the support and maintenance of the wife, and to the education and maintenance of their children. The date of this conveyance in trust is not given, but it appears that at that time Small, the garnishee, was indebted for rent in the sum of $75. At the time of the trial the garnishee had become indebted $150 more. There is nothing in the record to show when the answer was filed, nor how much rent had become due at the time the garnishee disclosed.

Other facts appear as agreed on, such as the insolvency of the husband and of the community estate; that the husband was unable to support the large family they had, and that the rents were necessary for the support of the wife and children; but these facts need not here be amplified, as from the view we take of this case they become immaterial.

Louisa Ullman duly intervened to assert her rights to the fund garnisheed. Plaintiffs in error assign as error the refusal of the judge to strike out that portion of the intervention of Louisa Ullman which sets up that the rents garnisheed were not subject to the garnishment, as her intervention disclosed that such rents were community property.

The second assignment of error is, that the court erred in permitting defendants to introduce any testimony upon the question of what was necessary for the support and maintenance of the family of intervenors. The petition of intervention is not in the transcript, but the agreed facts, as above condensed, show that the fund garnisheed was community property, and therefore subject to the husband's debts.

Our statute provides, that the wife's separate property shall consist of " all property, both real and personal, of the wife, owned or claimed by

her before marriage, and that acquired afterward by gift, devise, or descent, as also the increase of all lands thus acquired; but during the marriage the husband shall have the sole management of all such property." Rev. Stats., art. 2851.

If rents derived from her lands are a part of the wife's separate property, they must be so on the ground of being increase thereof.

What is the full signification of the word "increase" in this statute, has not been explained by our courts, but they have frequently been called on to decide whether or not certain personalty derived from the wife's lands was community property. Thus, crops grown upon the wife's lands, lumber manufactured upon her land from timber grown on her land, have been held to be community property. And that rents derived from the wife's lands are community property has been expressly held in Rhine v. Blake, 59 Texas, 240, the decision of which was grounded squarely upon the proposition that such rents are a part of the community estate.

If crops grown upon the wife's land become community property, we do not see any reason why rents should not. Neither comes spontaneously from the wife's lands. Whilst the land is the foundation for each of these, yet their production from the land is due, in greater or less degree, to the joint or individual efforts of the spouses. The personal skill, industry, and business management of each, and particularly of the husband, who is entrusted by the statute with the management of the wife's separate estate, without compensation, are important factors in making the real estate of the wife yield its full measure of rents. We here refer to opinion this day rendered by this court in the appeal of Hayden v. Mc-Millen et al. for more extended discussion of this question.

We hold, therefore, that the rent garnisheed formed no part of the wife's separate estate, and up to the making of the trust deed to Sidney Ullman, the rents were community property, and could be subjected to the debts of the husband; and although they may have been needed for the maintenance of his wife and children, this did not exempt them from the operation of the writ.

Plaintiffs in error insist that article 2856, Revised Statutes, recognizes the right of the wife to a support out of the proceeds of her lands, and gives a remedy where the right is violated, and argues from this, that where it is shown that there are no other proceeds than rents from her lands, and that the husband and wife have no other resources, the right for the wife to be provided for out of these rents is superior to any right the husband has to use these rents, and consequently superior to any rights of his creditors to such fund.

It is sufficient to dispose of this position taken by plaintiffs in error to say, that the article relied on does not relate to community property, but only to proceeds of her separate estate which remain her separate prop-

erty, and this does not embrace rents.    We see no objection, however, to the wife's separate land being conveyed to a trustee for the purpose of applying the rents and revenues to her support, or to any other lawful purpose.    The right to convey the separate lands. would necessarily include the power to convey them for specific purposes, lawful in their nature.    We therefore are of the opinion, that the conveyance to Sidney Ullman in trust had the effect of withdrawing the rents from the community estate, except so far as they had been subjected to the writ of garnishment.

The decisions in this State seem to have determined, that a writ of garnishment subjects what is due by the garnishee at the time he makes his answer, and that what may have become due after he discloses is not held by the writ.    Gause v. Cone, 73 Texas, 239; Blankenship & Blake Co. v. Moore, 16 S. W. Rep., 780; Drake on Att., sec. 451a.

The county judge trying this cause rendered judgment for the wife for the $75 due when the trust was created, and for the trustee for the $150 that accrued between then and the trial.

The judgment giving the $75 to the wife was clearly erroneous.    And so much of the rent that became due after the execution of the trust deed and up to the coming in of the answer would likewise be subject to the writ, for it is distinctly held in Gause v. Cone (supra), that the debtor had no power to assign any part of the debt accruing during such period, as against the garnisheeing creditor.    But we are not informed by the record how much rent had accrued at the time of answering, nor is the answer copied in the record.    The only fact appearing in this regard is that $150 had accrued at the time of the trial.    What became due after the answer was subject to the provisions of the trust deed; and as we can not separate these sums by means of any facts before us, we are unable to render a judgment here, as we otherwise should do.    Consequently the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 11, 1893.

Associate Justice NEILL did not sit in this case.