ARMENGOL et al. v. RICHTER.

(Court of Civil Appeals of Texas. San Antonio. Dec. 6, 1911. Rehearing Denied Jan. 3, 1912.)

1. GARNISHMENT (§ 40*)—DEMANDS SUBJECT TO GARNISHMENT.

A claim for unliquidated and uncertain damages is not subject to garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 82; Dec. Dig. § 40.*]

---

2. GARNISHMENT (§ 114*)—SCOPE OF WRIT.

A writ of garnishment, when served, attaches not only to what the garnishee may owe the principal defendant at the time of the service of the writ, but also to what he may owe when he files his answer, and, where an unliquidated demand was garnished and became liquidated before answer, the garnishee was bound to answer that he owed the amount of the judgment by which the demand was liquidated.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 233; Dec. Dig. § 114.*]

3. GARNISHMENT (§ 107*)—SUCCESSIVE GARNISHMENTS—RIGHTS OF GARNISHEES.

Defendant having recovered judgment against L., plaintiff garnished L., but the judgment was set aside and a new trial granted. Before a new judgment was rendered in favor of defendant against L. for a lesser amount, intervener also garnished him on a claim against defendant, after which plaintiff and intervener recovered judgments against defendant, and L. answered, admitting an indebtedness equal to the second judgment recovered against him. Held, that plaintiff's garnishment, having been prior in time, was prior in right.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 217–219; Dec. Dig. § 107.*]

Appeal from District Court, Webb County; E. A. Stevens, Judge.

Action by A. C. Richter against M. Valdez, in which a writ of garnishment was issued against F. H. Lithgow, and in which J. A. Armengol filed a plea of intervention, claiming that he had obtained a writ of garnishment which was entitled to precedence. From a judgment in favor of plaintiff Richter, Armengol and others appeal. Affirmed.

Hamilton & Mann, for appellants. A. Winslow, for appellee.

FLY, J. Appellee obtained a writ of garnishment against F. H. Lithgow in a suit instituted by him against M. Valdez to recover the sum of $618.49 on May 29, 1908, and it was served on the same day. On June 3, 1910, Lithgow answered that Valdez had a judgment against him for $800, and that he was indebted to him in that sum. On January 3, 1911, Armengol filed a plea in intervention, claiming that he had obtained a writ of garnishment against Lithgow which should have precedence over that of appellee. On the same day M. Valdez, the defendant in the original suit, filed his plea in intervention, alleging that on October 24, 1907, he had instituted suit against Lithgow, and that on June 2, 1910, he had obtained a judgment for $800 against Lithgow; that, when the writ of garnishment was served on Lithgow by appellee, the claim was unliquidated and was not certain until the judgment was rendered, more than twelve months after the writ of garnishment was served and more than six months after Lithgow was required by law

to answer; that the claim, being unliquidated and uncertain, was not subject to garnishment, and he prayed that appellee be held to have no lien on the $800, and that the intervener have judgment for any sum remaining after Armengol, the other intervener, was paid. The cause was submitted to the trial judge on an agreed statement of facts, and judgment was rendered in favor of appellee against the garnishee, and that Armengol and Valdez take nothing by their intervention.

We adopt the following facts, striking out some unnecessary words, found by the district judge:

"On the 11th day of May, 1909, M. Valdez recovered of F. H. Lithgow a judgment for $966.25, with interest. On the 29th day of May, 1909, the plaintiff herein filed a suit against M. Valdez, the plaintiff on said judgment, in which he sought to recover of said M. Valdez the sum of $618.49. On said 29th day of May, 1909, the plaintiff herein caused a writ of garnishment to issue against said F. H. Lithgow, based upon his said demand against said M. Valdez, which writ was returnable on the 8th day of November, 1909. On the 24th day of June, 1909, the said judgment of M. Valdez v. F. H. Lithgow was set aside on motion of said F. H. Lithgow, and a new trial was granted. On the 2d day of June, 1910, judgment was again rendered in favor of said M. Valdez against F. H. Lithgow by agreement for $800, which judgment was final. On the 18th day of June, 1909, the said intervener, J. Armengol, caused to be issued a writ of garnishment against said F. H. Lithgow to satisfy his demand against said M. Valdez. On the 13th day of December, 1909, said intervener, J. Armengol, recovered a judgment against said M. Valdez for $387.07, which judgment was final. On the 13th day of December, 1909, the plaintiff herein recovered a judgment against M. Valdez for $618.49, which judgment was final. On the 3d day of June, 1910, the said F. H. Lithgow, garnishee, filed his answer in this cause, admitting that he was indebted to said M. Valdez in the sum of $800. On the 5th day of June, 1910, the intervener, J. Armengol, recovered a judgment against said F. H. Lithgow for $387.07, the amount of his demand against said M. Valdez."

[1] It is the rule adopted by the Supreme Court of Texas that, when the damages are unliquidated and in their nature uncertain, the demand is not subject to garnishment. Waples-Platter Grocery Co. v. Railway, 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353. That rule was enunciated in the interest and for the protection of the garnishee, who should not be harassed with suits in regard to an indebtedness so uncertain that he could not conscientiously and with reasonable certainty state the amount of his in-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

debtedness. The garnishee does not raise this question, but seems well satisfied. Only an intervener who served a junior garnishment on Lithgow, and whose writ must be subject to the same criticism urged against the prior writ, and the defendant, against whom appellee had obtained judgment in the original suit, are endeavoring to raise the question of unliquidated demand.

[2] When the writ of garnishment was served on Lithgow, it attached, not only to what he might owe Valdez at the time of service, but to what he might owe him at the time he filed his answer, and, while he might not have been able at the time of the service to answer what was due by him to Valdez, yet, if the unliquidated demand had become liquidated, by being put into the shape of a judgment, before the answer was filed, the law required him to answer that he owed the amount of the judgment as he did. If the garnishee had answered at the time he was served the facts in regard to the pending suit between him and Valdez, appellee could not have taken judgment against him, but he waited until the claim against him was a liquidated demand and then he answered that he owed Valdez $800.

[3] Upon what ground Armendol should have precedence over appellee whose writ of garnishment was served before his, both being served when the demand was unliquidated, and both being answered after the demand became liquidated, does not appear from anything in the briefs of appellants, who have pooled their issues as against appellee. If appellee cannot recover, neither can Armengol, for the same objections can be urged against his garnishment proceedings as against those of appellee, and his appearance in this case appears to be entirely gratuitous and without any basis whatever. But, independent of these matters, the statute provides that "from and after the service of such writ of garnishment it shall not be lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects," and it is held that the garnishee must disclose what his indebtedness was when the writ was served and at the time he answers. Tirrell v. Canada, 25 Tex. 455; Mensing v. Engelke, 67 Tex. 532, 4 S. W. 202; Gause v. Cone, 73 Tex. 239, 11 S. W. 162; Schepflin v. Small, 4 Tex. Civ. App. 493, 23 S. W. 432.

Doubtless the court could have rendered judgment by default against the garnishee for failure to answer, but that was not done, and, when the answer was finally filed, the court had authority to render judgment against the garnishee, especially where there is no claimant showing a better right to it. Appellants have no just cause to object.

The judgment is affirmed.