**CAIN v. CITY OF TYLER.   (No. 536–3241.)**

(Commission of Appeals of Texas, Section A. May 14, 1924.)

1. **Constitutional law** ⬨➡233, 290(3)—**Municipal corporations** ⬨➡407(1)—**Act authorizing assessment of cost of sidewalk without opportunity to contest question of benefits, valid.**

Tyler City Charter, § 28, authorizing city to assess entire cost of constructing sidewalks on abutting property, without giving owners opportunity to contest question of benefits, does not violate Const. U. S. Amend. 14, § 1.

2. **Municipal corporations** ⬨➡455—**Notice on question of benefits from construction of sidewalk held unauthorized.**

Under Tyler City Charter, § 28, authorizing city to charge cost of constructing sidewalk against abutting property, regardless of special benefits and without giving opportunity to contest such question, council's action in giving notice to appear and contest question, and finding that benefits exceeded cost, were unauthorized.

3. **Municipal corporations** ⬨➡406(2)—**Improvements by special assessments referable to taxing power.**

Improvement of public streets by special assessments is referable solely to taxing power, which must be exercised in subordination to constitutional requirements of equality, uniformity, compensation, and due process.

4. **Constitutional law** ⬨➡290(3)—**Municipal corporations** ⬨➡406(2)—**Authority to require abutting owners to construct sidewalks referable to police power.**

Authority to require property owners to construct and repair adjoining sidewalks is referable to police power, and special benefits by way of compensation, or opportunity to be heard, by way of due process, are unnecessary.

5. **Municipal corporations** ⬨➡519(1)—**Lien for constructing sidewalk held not affected by assessment under taxing power.**

That city fixing lien and personal demand against owner of abutting property for cost of constructing sidewalk by method provided by Tyler City Charter, § 28, also made assessment under taxing power, did not affect validity of acts done under section 28, which is referable to police power.

6. **Constitutional law** ⬨➡48—**Act not declared unconstitutional if it may be upheld by any fair and reasonable construction.**

Act will not be declared unconstitutional if it may be upheld under some constitutional power by any fair and reasonable construction.

7. **Municipal corporations** ⬨➡455—**General law as to hearing on question of benefits held inapplicable to assessment of cost of sidewalk.**

The general law (Rev. St. arts. 1000–1013), last article of which contemplates hearing on question of benefits from construction of sidewalk, does not apply to assessment of entire cost of construction against abutting property by city of Tyler under Tyler City Charter, § 28, in view of Rev. St. art. 1017, providing that special charter shall control in case of conflict, but owner is not precluded from contesting question whether contract price was unfair, unreasonable, or oppressive.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by the City of Tyler against Ben B. Cain. Judgment of dismissal was reversed and cause remanded by Court of Civil Appeals (204 S. W. 473), and defendant brings error. Affirmed.

Price & Beaird, of Tyler, for plaintiff in error.

Fred V. Hughes, Jr., of Tyler, for defendant in error.

GERMAN, P. J. The city of Tyler instituted this suit against Ben B. Cain to recover the sum of $417.20, the alleged cost of constructing a sidewalk, and to foreclose a lien against certain lots in the city of Tyler. Numerous demurrers were sustained to the petition and the cause was dismissed. The Court of Civil Appeals at Texarkana reversed and remanded the cause. 204 S. W. 473. The parties will be designated as in the trial court. We will briefly summarize the allegations of plaintiff's petition.

The city of Tyler was incorporated by special act of the Legislature April 18, 1907 (Sp. Laws 1907, c. 101). By that charter it was given general power to construct and keep in repair all sidewalks, and to regulate the use and construction of same; the cost of constructing all sidewalks to be defrayed by the owners of lots or blocks on which sidewalks may front. The city council was also given power to require and compel the owners of property to fill up, grade, gravel, and otherwise improve the sidewalks in front of and adjoining their property. Further power was given the council to pass an ordinance making it a misdemeanor for any person to fail or refuse to build, maintain, or repair a sidewalk, when required to do so by ordinance, and declaring such failure or refusal to be a nuisance.

Section 28 of the charter empowered the city to fix liens upon abutting or adjacent property and personal demands against the owners thereof for the building, improvement, and repair of sidewalks, and provided the method of doing so. This method was as follows: The grade for the contemplated sidewalk was first to be established. The council would then pass an ordinance describing generally the sidewalk to be built, the manner of its construction, and the material to be used. The ordinance would fix the time in which the same was to be built, and the passage of the ordinance would be held as conclusive notice to all parties. Should any person fail or refuse to build the sidewalk within the time allowed by the ordinance, then the mayor was authorized to make a contract for the building of the same, and upon the completion of the work a lien was created against the adjacent property for the contract price thereof. The filing of an affidavit by the mayor in the county clerk's office, showing the cost of construction, etc., would be sufficient to fix a lien against the property and a personal demand against the true owner.

The petition contained allegations showing that by proper general and special ordinances the city council took all necessary steps and on December 6, 1912, gave notice to and undertook to require defendant Cain to construct a cement sidewalk along Rail-road avenue for the distance his property fronted upon same. Said sidewalk was to be constructed in accordance with the grade and specifications provided, and the entire cost was to be paid by the defendant. It was further provided that if the defendant failed or refused to construct said sidewalk, the mayor was authorized to construct same. It is further alleged that defendant failed and refused to construct the sidewalk, and that the mayor by contract had the same built at a cost of $417.20.

The allegations of the petition show that the provisions of the city charter and of the general ordinances were fully complied with in every detail in making demand upon defendant to build the sidewalk and in the building of same by the city council. The ordinance of December 6, 1912, also contains recitations to the effect that "notice and an opportunity to contest the question of benefits had been given," and that it had been determined by the council that the cost of building the sidewalk in front of defendant's property would not exceed the special benefit to be derived therefrom, but that the special benefit to the property by reason of the construction of the sidewalk would largely exceed the cost of constructing the same.

[1] The proposition relied upon by defendant is that the Legislature cannot confer upon a city the authority to assess upon abutting property the entire cost of constructing a sidewalk without giving the owner of the property an opportunity to contest the question of benefits; that the act of the Legislature in conferring such power upon the city of Tyler is violative of sections 17 and 19 of article 1 of our state Constitution, and of section 1 of the Fourteenth Amendment to the Constitution of the United States.

Defendant relies upon the case of Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884, and those cases based upon it, and the case of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. In numerous cases since the decision in Norwood v. Baker, the Supreme Court of the United States has restricted and limited the scope of that decision, and we think it now definitely settled that there is no federal question in the present case. Campbell v. City of Olney, 262 U. S. 352, 43 Sup. Ct. 559, 67 L. Ed. 1021 (from county court of Young county); Valley Farms Co. v. Westchester County, 261 U. S. 155, 43 Sup. Ct. 261, 67 L. Ed. 585; French v. Barber Asphalt Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; Withnell v. Ruecking Const. Co., 249 U. S. 63, 39 Sup. Ct. 200, 63 L. Ed. 479.

[2] The charter of the city of Tyler conferred upon the city the power and authority to charge the full cost of constructing sidewalks against the abutting property, regardless of the question of special benefits, and

without giving opportunity to appear and contest the question of benefits. Therefore the action of the council in giving notice to appear and contest the question of benefits (as recited in the ordinance), and the finding that the benefits to be derived from the construction of the sidewalk were in excess of the cost of same, were wholly without authority, and the case must be decided as though these things had not been done. Hutcheson v. Storrie, supra.

The whole matter turns upon one question: Is the authority conferred upon the city of Tyler by its charter to assess against the owners of property the cost of building sidewalks in front thereof, and creating a lien against such property, without regard to the question of benefits, and without giving opportunity to the owners to contest the questions of benefit, void because in contravention of our state Constitution?

[3, 4] The recognition of a fundamental distinction between special assessments for street improvements and the power to enforce sidewalk construction at the expense of the owner of the abutting property, which has been observed in legislation and judicial decisions for many years, makes the decision of the question involved here an easy one. The improvement of public streets by special assessments is referable solely to the taxing power, which must be exercised in subordination to the constitutional requirements that taxes must be equal and uniform and the limitation that private property shall not be taken for public use without compensation, nor the owner deprived thereof except by due course of law. The authority to require abutting property owners in cities to construct and keep in repaid sidewalks fronting upon or adjoining their property is referable to the police power, and there need not be special benefits by way of compensation, nor is opportunity to be heard, by way of due process of law, necessary, in order to sustain the validity of acts done under this authority.

In Dillon's Municipal Corporations, vol. 4, pp. 2563–2564, it is stated:

"In some jurisdictions the construction and maintenance of sidewalks at the cost of the abutting owner is regarded as an exercise of police power, and assessments on the property for the cost of construction or repair of the sidewalks in front of the particular lot have been sustained."

This rule is sustained by the following authorities: City of Galveston v. Heard, 54 Tex. 420; Highland v. City of Galveston, 54 Tex. 527; City of Lampasas v. Huling (Tex. Civ. App.) 209 S. W. 213; James v. Pine Bluff, 49 Ark. 199, 4 S. W. 760; Palmer v. Way, 6 Colo. 106; Speer v. Athens, 85 Ga. 49, 11 S. E. 802, 9 L. R. A. 402; Palmyra v. Morton, 25 Mo. 593; Franklin v. Maberry, 6 Humph. (Tenn.) 368, 44 Am. Dec. 315; Washington v. Nashville, 1 Swan (Tenn.)

177; Carthage v. Frederick, 122 N. Y. 268, 25 N. E. 480, 10 L. R. A. 178, 19 Am. St. Rep. 490; Lisbon Ave. Land Co. v. Lake, 134 Wis. 470, 113 N. W. 1099; Job v. Alton, 189 Ill. 256, 59 N. E. 622, 82 Am. St. Rep. 448; Kansas City v. Holmes, 274 Mo. 159, 202 S. W. 392, L. R. A. 1918D, 1016; Wilson v. Phillipi, 39 W. Va. 75, 19 S. E. 553.

In New Jersey and Pennsylvania it is held that the sidewalk, although a part of the street, is regarded as an appendage to the abutting property and existing for its peculiar benefit, and the abutter, in consequence of the peculiar relation of the sidewalk to his property is obliged to maintain it in repair and to pave it when necessary, or to bear the cost thereof when the repairs are made or the pavement laid by the municipality. State (Agens) v. Mayor, 37 N. J. Law, 416; Greensburg v. Young, 53 Pa. 280. See, also, Leiper v. Minnig, 74 Ark. 510, 86 S. W. 407, 4 Ann. Cas. 1013; Waples v. Ross (Tex. Civ. App.) 141 S. W. 1028.

The distinction between assessments for street improvements and authority to require the construction of sidewalks was also definitely recognized in the cases of Adams v. Fisher, 63 Tex. 656, and Lentz v. City of Dallas, 96 Tex. 265, 72 S. W. 59.

The case of Hutcheson v. Storrie, supra, was strictly a street improvement case, where the assessment was imposed under the taxing power, and that case is not authority here. In the case of Lentz v. City of Dallas, supra, Judge Williams referred to the case of Hutcheson v. Storrie and Norwood v. Baker, and distinguished them from sidewalk cases in this language:

"In the two cases referred to assessments for improvements of streets were involved, assessments which could only be lawfully imposed in the exercise of the taxing power, exerted in subordination to the fundamental principles which limit the exercise of that power."

He then held that the city of Dallas had a right to repair a defective sidewalk under the police power, and quoted the following statement by Judge Cooley:

"The cases of assessments for the construction of walks by the side of the streets, in cities and other populous places, are more distinctly referable to the power of police. These footwalks are not only required, as a rule, to be put and kept in proper condition for use by the adjacent proprietors, but it is quite customary to confer by the municipal charters full authority upon the municipalities to order the walks of a kind and quality by them prescribed to be constructed by the owners of adjacent lots at their own expense, within a time limited by the order for the purpose, and in case of their failure so to construct them, to provide that it shall be done by the public authorities, and the cost collected from such owners, or made a lien upon their property. When this is the law the duty must be looked upon as being enjoined as a regulation of police, because of the peculiar interest such owners have

in the walks, and because their situation gives them peculiar fitness and ability for performing, with promptness and convenience, the duty of putting them in proper state, and of afterwards keeping them in a condition suitable for use. Upon these grounds the authority to establish such regulations has been supported with little dissent.

"No doubt this requirement is sometimes in a measure oppressive, since the actual cost may exceed the pecuniary advantages to the lot owner; but this, in case of police regulations, is never a conclusive objection."

[5] Defendant, however, insists that the city was not proceeding under its police power, but that the pleadings showed that it was proceeding to make an assessment under the taxing power for the construction of the sidewalk. If this be true, it does not follow that the action of the city was void. The question is one of constitutional power to do the thing done. We think section 28, which provides the method of fixing the lien and personal demand against the owner, is referable to the police power conferred by the charter and not to the taxing power, and the method prescribed is a legitimate exercise of the police power. The city followed that plan and went further and did certain things which were necessary if the proceeding had been an attempted exercise of the taxing power. This in no manner affects the validity of what was done. A mistake in the method of exercising a power does not invalidate the results accomplished, provided the power to do the thing existed, and the method provided in the grant of power is observed; the mistake being due to additional acts done which in no manner deceived or misled the interested party.

[6] A legislative act is not to be declared unconstitutional if by any fair and reasonable construction it may be upheld under some constitutional power. While the power conferred on the city of Tyler to require construction of sidewalks by abutting owners and assess the full cost thereof against them, by the method set out in the charter, may be invalid when tested by the limitations as to the taxing power, yet it can be fully sustained as an act referable to the police power, to which we think it reasonably certain the Legislature intended it to refer, and we therefore conclude these charter powers should be sustained.

[7] The general law provides that the whole cost of construction of sidewalks and curbs in front of any property may be assessed against the owner thereof, or his property; but this does not apply to other kinds of street improvement. Articles 1009–1013, Revised Statutes. It would appear that article 1013 contemplates hearing upon the question of benefits even as to sidewalk construction, but it is not necessary for us to pass upon this. These articles

were adopted in 1909, after the Tyler city charter was granted, and by article 1017 it is provided that in case of conflict between the provisions of any special charter and the provisions of this general act, the special charter shall control.

Of course, the defendant is not precluded from contesting the question of whether or not the contract price of the sidewalk was in any way unfair, unreasonable, or oppressive.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.