## E. A. GAUSE v. J. CONE.
### No. 2652.

1.  **Garnishment.**—A writ of garnishment appropriates whatever the garnishee owes at the time of his answer, as well as that owing at the service of the writ.

2.  **Same—Assignee of Debt.**—The defendant in the garnishee proceedings can not transfer an accruing debt between the service of the writ and the answer of the garnishee; e. g., if defendant assigned rent accruing from a tenant after the tenant was served with the writ and before his answer.

APPEAL from Houston.   Tried below before Hon. F. A. Williams. The opinion states the case.

*A. A. Aldrich*, for appellant.—The court erred in holding that the amount due by garnishee to J. N. Gregg for rent from November 12 to December 6, 1887, was not subject to the writ of garnishment, and that

article 191 of Revised Statutes refers only to effects and debts held or owed by the garnishee when the writ was served, and that the rent accrued subsequently to the service of the writ and before the garnishee's answer was not subject to the writ; and under the agreed statement of facts showing an indebtedness to Gregg by the garnishee for rent from October 12, 1887, to December 6, 1887, judgment should have been rendered for plaintiff against the garnishee for the whole of said indebtedness, instead of limiting the judgment to the rent accrued to November 12, 1887. Rev. Stats., art. 191; Mensing v. Engelke, 67 Texas, 532; 2 Wade on Att., sec. 338.

*Nunn & Denny*, for appellee. — 1. A garnishment can not take effect upon a contingent liability, nor upon anything less than a certain and fixed indebtedness. Drake on Attach., sec. 551.

2. The lien by garnishment is purely a creature of the statute, and can only exist so far as expressly authorized by statutory enactment, and should be construed strictly. Drake on Attach., sec. 454.

3. The writ can only take hold of things in existence at the time it is issued, unless the statute provides otherwise, which it has not done in this State, and article 191 of Revised Statutes only presents the statu quo, and article 188 requires answer as to indebtedness existing at service of the writ, and also indebtedness arising out of contracts and transactions existing when the writ was served, but not otherwise extending it. Eikel & Brenstedt v. Freilich & Bodt, 1 W. & W. Ct. App. C. C., 628; Mensing v. Engelke, 67 Texas, 532; Tirrell v. Canada & Rice, 25 Texas, 459.

4. A garnishment is in the nature of a suit *in rem*, and operates as does an attachment upon the defendant's effects, and can not be said to apply to other than the things seized, unless by statute a broader signification is given it, as in some States is done. Drake on Attach., secs. 452, 453.

HENRY, ASSOCIATE JUSTICE.—This is a garnishment proceeding. The amount in controversy is for house rent that accrued entirely between the service of the writ of garnishment and the date of the garnishee's answer. Before the debt became due, and before the answer was made, the debtor gave an order for the amount of the debt to a third party, which was accepted by the garnishee subject to the result of this suit.

The judgment appealed from was against the plaintiff. It is contended in support of the judgment:

1. That the writ of garnishment can only reach things in existence at the time it is issued, unless the statute provides otherwise; which it is insisted our statutes have not done.

2. That the writ is purely a creature of the statute, and that the statute must be strictly construed.

We think the propositions that the law is to be strictly construed and that the extent of the garnishee's liability is measured and limited by the express provisions of statutory law are correct. Article 191 of the Revised Statutes reads:

"From and after the service of such writ of garnishment it shall not be lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects."

And after having thus provided that after the service of the writ he shall pay no debt nor deliver any effects to the debtor, thereby holding in his hands all that he owes or has at and subsequent to the service of the writ, article 188 requires the garnishee to state under oath what his indebtedness was when the writ was served and what it is when he answers.

If it had been intended only to bind what he owed when the writ was served it was unnecessary to require him to state what he owed when he afterwards answered. If the garnishee complies with the directions of the statute he can make no payment to the debtor at any time after the service of the writ, and it will necessarily follow that when he answers he will be indebted all that he owed when the writ was served or came to owe any time afterwards before answer.

As the service of the writ of garnishment prevents the voluntary payment of a debt by the garnishee, it necessarily deprives the debtor of all power to compel its payment. As between the debtor and the plaintiff in garnishment the superior right to the money is in the plaintiff in garnishment. To say that the debtor may transfer the garnished debt to a third person so as to defeat the garnishment is to recognize in the debtor a power to invest his assignee with a property in the debt that he does not own himself.

It is an elementary principle that a purchaser of a debt or other property can not acquire a better right or title to the thing sold or transferred than the seller had. Such exceptions as exist to the rule can not arise in such transactions as the one under consideration. To admit that if the debtor does not transfer a debt accruing between the service of a writ of garnishment and the date of his answer the garnishment will hold it for the benefit of the plaintiff in garnishment, but that if he does so transfer it the purchaser will hold it against the plaintiff, is to directly repudiate the doctrine of *lis pendens.*

The case of Tirrell v. Canada & Rice, 25 Texas, 532, is an authority for holding that the garnishment binds what the garnishee is indebted as well at the date of his answer as at the service of the writ.

The case of Mensing v. Engelke, 67 Texas, 532, seems to recognize the doctrine that the writ binds an indebtedness accruing between the service of the writ and the date of the answer. It does not change the

result if the debt is not due or fully earned at the date of the service of the writ if it shall have fully accrued at the date of the answer.

The judgment of the court below will be reversed and here rendered for appellant for forty dollars with interest at the rate of eight per cent per annum from the 12th day of December, 1887, and in favor of appellee for all costs of this court and the court below.

*Reversed and rendered.*

Delivered March 5, 1889.