CAMILLE CLINE v. JOHN HACKBARTH.

Decided December 9, 1902.

**1.—Attachment—Action for Wrongful Suing Out—Evidence—Practice on Appeal.**

Where in an action for wrongful attachment there was a general verdict for the defendant, and it was not challenged on appeal as contrary to law or unsupported by the evidence, the trial court's exclusion of evidence as to loss of profit in plaintiff's business, caused by the attachment, and as to the value of the goods attached, could not be regarded as prejudicial.

**2.—Same—Fraud—Evidence.**

The attachment having been sued out on the ground that the attachment defendant was about to convert his property into money for the purpose of defrauding his creditors, it was permissible, as tending to prove this, to show that such defendant (plaintiff here) on the day the attachment issued filed for record a deed made by himself to his father three years before.

**3.—Same—Evidence—Good Faith—Judgment.**

The judgment in the original attachment suit, having been suspended by appeal, was not admissible in this action for damages to show that plaintiff herein was indebted to defendant, but the proceedings in such original suit were admissible to show that defendant herein was there prosecuting his claim in good faith, and that the proceeds of the attached property were applied to the satisfaction of such claim.

**4.—Same—Evidence—Probable Cause.**

Evidence that on the day before the attachment was sued out and levied the attachment defendant's wife stated that her husband had sold one of his teams was admissible as bearing on the issue of malice in suing out the writ, and was properly limited by the court to such purpose.

5.—Assignments of Error Too General.

Assignments of error that "the verdict is contrary to the charge;" and that "the verdict is not supported by the evidence, and is contrary to the evidence, and was produced by the allowance of prejudicial evidence hereinbefore complained of," and that "the judgment is without authority of law or evidence, and contrary to the charge and the evidence," not followed by any propositions, are too general and indefinite to be considered.

Error from the District Court of Harris County. Tried below before Hon. Wm. H. Wilson.

*Dan H. Triplett* and *Burke & Tarver,* for plaintiff in error.

PLEASANTS, Associate Justice.—Plaintiff in error brought this suit to recover of defendant in error actual and exemplary damages alleged to have been caused by the wrongful suing out by the defendant of a writ of attachment against plaintiff in a cause pending in the justice court of precinct No. 1 of Harris County, in which the defendant herein was plaintiff and the plaintiff herein defendant. The damages claimed amounted to the sum of $14,950.

The defendant's answer contained a general demurrer, several special demurrers, a general denial and a special plea averring that the plaintiff was justly indebted to him in the sum of $198.27, with interest thereon from January 1, 1899, at the rate of 6 per cent per annum, for which amount the defendant had, on the 16th day of May, 1899, filed suit against the plaintiff in the justice court of precinct No. 1 of Harris County, and on the same day had sued out a writ of attachment and levied same on goods and merchandise belonging to plaintiff; that the statement in the affidavit upon which said attachment was issued, that "Camille Cline is about to convert his property into money for the purpose of placing it beyond the reach of his creditors," together with the other allegations in said affidavit, were true; that said attachment was not wrongfully sued out, but was sued out only for the purpose of securing the debt then due the defendant by the plaintiff herein; that the value of the goods levied on under said attachment did not exceed the sum of $115; that said goods were sold by order of said justice court on the 27th day of May, 1899, and that on the 3d day of June, 1899, a judgment was rendered in said justice court for this defendant against the plaintiff herein for the amount claimed by the defendant, and applying the proceeds of said sale of the goods thereon; that the plaintiff appealed from said judgment to the County Court of Harris County, and the said court, on the 26th day of January, 1900, rendered a similar judgment to that rendered in the justice court; that plaintiff has suspended said judgment of the County Court of Harris County by suing out a writ of error to the Court of Civil Appeals for the First Supreme Judicial District; that the claim of this defendant against the plaintiff is just and is still unsatisfied, and that the value of the goods levied on under said attachment has been applied on said debt, and defendant says that if said attachment was

wrongfully sued out, no injury has been thereby caused the plaintiff, because he has secured the full benefit of the property seized and appropriated under said writ. It is further averred that defendant had probable cause to believe and did believe at the time he sued out said attachment that plaintiff was about to convert his property into money for the purpose of defrauding his creditors, and said attachment was not sued out for the purpose of injuring or harassing the plaintiff.

The cause was tried by a jury and a verdict and judgment rendered in favor of the defendant.

The first assignment of error complains of the action of the trial court in refusing to permit the plaintiff to testify what were the profits of his business at and previous to the levy of the attachment. As the case is presented by this record, the question raised by this assignment is immaterial. The court instructed the jury in the first paragraph of his charge to find for the plaintiff if they believed from the evidence that the statement made by defendant in his affidavit for attachment was not true, and if they did not so believe, to find for the defendant. Under this charge the jury returned a general verdict in favor of the defendant. There is no sufficient assignment challenging the verdict as being contrary to the law or unsupported by the evidence, and such not wrongfully sued out. Upon this state of the record it is unnecesverdict is therefore a conclusive finding that the writ of attachment was sary for us to determine whether the offered evidence of the plaintiff as to the loss of profits in his business caused by the levying of the attachment was admissible, because the writ not having been wrongfully sued out, defendant was not liable to plaintiff for any loss of profits caused him by the levy of said writ.

The court did not err in permitting the defendant to introduce in evidence the date of the acknowledgment and of the filing of a deed executed by plaintiff, Camille Cline, to his father, Henry Cline, of date December 9, 1895. This deed was acknowledged by the plaintiff and filed for record on the 16th day of May, 1899, the day on which the writ of attachment was issued. The fact that it was not filed for record nor acknowledged until the day that defendant's suit was filed, though it purported to have been executed nearly three years prior to that time, was admissible in evidence in connection with other testimony in the case to the effect that plaintiff had given a mortgage on the property after the date of the execution of said deed, as a circumstance tending to establish defendant's claim that the plaintiff was fraudulently disposing of his property. The weight to be given this evidence was a question for the jury, and that question does not affect its admissibility.

The third assignment predicates error upon the admission in evidence, over plaintiff's objection, of the proceedings in the justice and county courts in the original suit in which the writ of attachment was issued. We think this evidence was admissible for the purpose of

showing that defendant was in good faith asserting his claim against the plaintiff for the amount sued for by him, and for the further purpose of showing the application of the money realized from the sale of the goods sold under the attachment levy. The judgment of the county court, having been suspended by appeal, was not admissible to show that plaintiff was indebted to the defendant in the amount of said judgment, but it does not appear to have been introduced for that purpose.

There was no error in allowing the defendant to testify as to the value of the goods levied upon. The qualification of the bill of exception taken to this testimony made by the court shows that defendant was qualified to testify as to the market value of the goods. In addition to this, the question of the value of the goods is immaterial in the present attitude of the case, as shown in our disposition of the first assignment of error.

The fifth assignment assails the action of the court in permitting the defendant to testify that Mrs. Cline told him on the day before the attachment was levied, and before it was sued out, that her husband, the plaintiff, had sold one of his teams. The court only admitted this evidence on the issue of probable cause, and told the jury it was not admitted as evidence of the truth of the facts stated by Mrs. Cline and they could only consider it as a circumstance bearing on the issue of whether the defendant acted with malice in suing out the writ. No error is shown by this assignment.

The ninth, tenth and eleventh assignments of error are as follows:

"Ninth Assignment of Error.—The verdict of the jury is contrary to the charge of the court.

"Tenth Assignment of Error.—The verdict of the jury is not supported by the evidence, and is contrary to the evidence adduced before them, and was produced by the allowance of prejudicial evidence hereinbefore complained of.

"Eleventh Assignment of Error.—Because the judgment is without authority of law or evidence, and contrary to the charge of the court and the evidence in the case."

None of these assignments are followed by a proposition, but each is submitted as a proposition within itself.

We can not consider any of these assignments because they are too general and indefinite. Rev. Stats., art. 1018; Rules 24, 25, 26, Courts of Civil Appeals; Kruegel v. Berry, 75 Texas, 232.

The record in this case presents no error which requires a reversal of the judgment of the trial court, and said judgment is affirmed.

*Affirmed.*

Writ of error refused.