DROMGOOLE BROS. v. LISSAUER & CO.

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1913.)

1. APPEAL AND ERROR (§ 173*)—NECESSITY OF EXCEPTIONS IN LOWER COURT.

In an action on a sworn account, exceptions to the account cannot be urged for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

2. APPEAL AND ERROR (§ 548*)—ASSIGNMENTS OF ERROR.

An assignment of error not based on a bill of exceptions will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—HEARSAY EVIDENCE.

Where, in an action on a sworn account, the defense of defendant is based wholly on the fact that the items of the account were subject to a trade discount not allowed, hearsay evidence to show that defendant bought all the goods alleged was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

4. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—QUALIFICATION OF WITNESS.

Where, in an action on a sworn account, the defense of defendant is based wholly on the fact that the items of the account were subject to a trade discount not allowed, the prices charged not being disputed that witnesses testifying as to market value of the items had no knowledge of the goods themselves is harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

5. APPEAL AND ERROR (§ 742*)—PROPOSITION UNDER ASSIGNMENT.

Where no proposition is submitted under an assignment in accordance with rule 29 (142 S. W. xii), the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—GENERALITY.

An assignment of error which seeks to raise every question presented in the motion for new trial is too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

---

7. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—GENERALITY.

An assignment of error which attacks the verdict for insufficiency of the evidence is too general, where no specific evidence relied on is pointed out.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

Error to County Court for Civil Cases, Bexar County; Geo. W. Huntress, Judge.

Action by Lissauer & Co. against Dromgoole Bros. From a judgment for plaintiffs, defendants bring writ of error. Affirmed.

Leo Tarleton, of San Antonio, for plaintiffs in error. C. A. Keller, of San Antonio, for defendants in error.

MOURSUND, J. Lissauer & Co. sued Dromgoole & Co. in justice's court, precinct No. 1, of Bexar county, upon sworn account for $162.98, which was denied under oath of Dromgoole & Co.; they admitting an indebtedness of $63.87. Upon trial before a jury verdict was returned in favor of plaintiffs for $56.78, and judgment entered accordingly, from which plaintiffs appealed to the county court of Bexar county for civil cases. Plaintiffs filed first supplemental petition consisting of demurrer, general denial, and pleas of limitation of two and four years. Defendants filed exceptions to the pleas of limitation contained in the supplemental petition, and filed first amended original answer, adopting their original answer with the exception of alleging the amount due plaintiffs to be $56.78, which amount they offered and tendered to plaintiffs. The trial in the county court resulted in a verdict for plaintiffs for $162.98, upon which judgment was entered for said amount as principal and $16.41 interest, in all $179.-39, with 6 per cent. interest per annum thereafter, from which defendants appealed.

The first assignment of error attacks the sufficiency of the sworn account as the basis of the suit. This assignment goes to the form and sufficiency of the sworn account, charging that it fails to specifically set out the articles and items for which plaintiffs sue, and that it is verified by inconsistent affidavits.

[1] If the trial court ruled on the exceptions to this account, such ruling does not appear in the record, and appellants cannot be heard to raise the questions for the first time in this court.

The second, fifth, and sixth assignments may be considered together, as appellants, under assignments 5 and 6, refer to propositions under the second assignment to save repetition.

The second assignment raises the issue of the admissibility of the testimony of Julius Klein and Max Kallman regarding the reasonable and market values of the articles sold defendants by plaintiffs, as against the objections (1) that the suit is upon an express contract, and (2) such value is not attempted to be shown at any given point. The fifth assignment raises the issue of the admissibility of the testimony of Klein as to what goods were shipped by plaintiffs to defendants, and how much money defendants paid to plaintiffs at New York, as against the objection that such testimony was hearsay. The sixth assignment is directed against the admission of the testimony of Kallman as to the terms of the contract with defendants, over the objection that the contract was made in San Antonio while the witness was in New York.

The propositions are as follows:

(1) "Where a witness is shown not to have a personal knowledge of the accounts he may be called upon to verify, the fact that he was in Texas on the dates of shipment of such goods from the city of New York, has never seen any of them, and his only knowledge of the kind, character, and number of such articles is from information received from others, not the parties to be charged, such testimony is merely from hearsay, is wholly incompetent, inadmissible, and illegal."

(2) "The proof in every case must be confined to the issues raised in the pleadings; and it is error to admit proof of market value at any point or place, in a suit upon an express contract for goods sold for prices fixed at the time the contract was made. Such proof is misleading, wholly immaterial, irrelevant, and impertinent."

(3) "Even where market values are admissible, as where the suit is for a quantum meruit, the knowledge of the witnesses of market values must first be established; and such knowledge is confined to the time, place of sale and delivery."

[2] We have examined the bills of exception Nos. 1, 2, and 3 referred to, and find they contain no reference to testimony in regard to the terms of the contract between plaintiffs and defendants, but relate to the testimony regarding what goods were sold defendants by plaintiffs and the reasonable and market value thereof. The sixth assignment, therefore, is overruled as not based upon any bill of exceptions.

[3] Each of the witnesses Klein and Kallman testified to a certain extent from hearsay, as Kallman could not know what goods were delivered by Klein, except from statements furnished by the latter; and we may also assume that Klein, the traveling salesman, was not present when the goods were shipped out by the New York office. However, this testimony is harmless. The controverting affidavit, signed by Louis Dromgoole, one of the defendants, while it alleges that the account is not just and correct, proceeds to point out wherein the same is not just and correct by saying that each item set out in said account is subject to a trade

discount of 6 per cent. and 10 per cent. contracted for by defendants with plaintiffs, and a prior balance due defendants from Lissauer & Co., and that the amount of $63.81 is near the accurate balance due Lissauer & Co. by defendants, "as practically the just amount, and by any just and correct manner of calculating the said trade discounts contracted for, cannot be materially varied from the said balance of $63.81." No contention is made that the goods were not bought at the prices named, but that they were entitled to certain discounts. Again, the other defendant, William Dromgoole, upon cross-examination, testified: "I do not deny any of the items charged on that balance account [referring to Exhibit 1 attached to statement of facts]. In other words, those items as charged there are correct." Exhibit 1 contains the same general statement and itemized bills as the sworn account. Taking the controverting affidavit into consideration, which failed to deny that any of the bills of goods mentioned in the sworn account had been bought, together with the testimony of Wm. Dromgoole, we think it is clear that no contention can be made that any of the goods mentioned in the sworn account were not bought by defendants; and therefore hearsay evidence to the effect that all said goods were bought by defendants was harmless. Shuford v. Chinski, 26 S. W. 141; Davidson v. McCall Co., 95 S. W. 32.

[4] The evidence as to reasonable or market value is also harmless, in view of the fact that the justness of the account was only attacked on the grounds of failure to allow discounts and an offset. The testimony of Klein and Kallman gave the same value to the goods as given in the sworn account, and as was virtually admitted by Louis Dromgoole when he testified: "The prices which we were to pay are correct, but we haven't got the discounts which we are entitled to."

The second and fifth assignments are also overruled.

Assignment No. 3 is almost exactly in the words of No. 2, and is overruled for the reasons hereinbefore given.

The fourth assignment reads as follows: "The charge of the court is a mere platitude; it does not submit a single question of law. It does not submit to the finding of the jury the question as to whether the contract between plaintiffs and defendants was an express contract between plaintiffs and defendants, whether it was an express contract, wherein the value of the articles were specifically agreed upon, or whether the values were to be established in the proper market. There was nothing in the pleadings raising this issue of market or reasonable values; the evidence of plaintiffs contained no other proof of value; and no direction whatever is given to the jury to ascertain any fact as to value in any way."

[5] No proposition is submitted under this assignment, and the same, not being briefed in accordance with rule 29 (142 S. W. xii), will not be considered.

The seventh assignment reads as follows: "The court erred in refusing to grant defendants' motion for new trial for the many errors set out in said motion appearing of record in this cause, and because the verdict and judgment are contrary to the overwhelming facts in evidence taken from the jury by the charge of the court in not submitting the case to the jury on a single issuable fact, but solely submitted on the formal figures in the pleadings to be added and subtracted, without any rule given to the jury as to finding the true and correct balance from the testimony in the case, and because almost the entire legal and proper testimony adduced conclusively established the amount admitted and tendered to plaintiffs, as shown by the record."

The eighth assignment is almost word for word in the same language as the seventh.

[6, 7] These assignments have no propositions submitted under same, and are too general, as they seek to raise every question presented in the motion for new trial. Although it also seeks specially to attack the verdict on insufficiency of evidence, the allegation on that matter is also too general, as it points out no specific evidence relied upon. The assignment will not be considered for the reasons stated. Cline v. Hackbarth, 30 Tex. Civ. App. 591, 71 S. W. 48; Brown v. Viscaya, 55 S. W. 191.

The judgment is affirmed.