O'BRIEN v. BARCUS.    (No. 69–2827.)

(Commission of Appeals of Texas, Section B. June 11, 1919.)

1. EXECUTION  172(2) — I N J U N C T I O N
AGAINST — TENDER OF EXCESS OVER CLAIM
OF PLAINTIFF IN GARNISHMENT.

 A judgment debtor who had been garnished in an action against his creditor is entitled to restrain execution on the judgment under Vernon's Sayles' Ann. Civ. St. 1914, art. 4647, though he fails to tender the excess of the amount of the judgment over the claim of plaintiff in garnishment, in view of article 279, which prevents garnishees from paying any debt to the defendant in garnishment after service of writ.

2. GARNISHMENT  108 — CLAIMS BY THIRD
PERSONS—RIGHTS OF CLAIMANT.

 The assignee of a judgment occupies no better position than the judgment creditor, and, if he took the assignment after service of garnishment on the judgment debtor he took it subject thereto, and if he has failed to require his assignor to file the replevy bond under Vernon's Sayles' Ann. Civ. St. 1914, art. 279, or to take other steps to protect himself, he cannot complain of delay in collection of his judgment by reason of the garnishment proceeding.

Appeal from Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by W. O'Brien for a restraining order against Henry Hicks and G. W. Barcus. From an order of the district court granting a temporary restraining order, Barcus appealed to the Court of Civil Appeals (171 S. W. 492), which reversed the order, and plaintiff appeals. Judgment of the Court of Civil Appeals reversed, and order of district court affirmed.

W. H. Russell, of Hereford, for appellant.
Knight & Slaton, of Hereford, and G. W. Barcus, of Waco, for appellee.

SADLER, J. On August 12, 1914, W. O'Brien filed his petition with the judge of the Sixty-Ninth judicial district, seeking a temporary restraining order against Henry Hicks and G. W. Barcus prohibiting the collection of a judgment in favor of Henry Hicks against O'Brien, which had been assigned to Barcus, and on which an execution had been issued at the instance of Barcus. Substantially, the petition charged: That on

November 10, 1913, Henry Hicks recovered judgment in the district court of Deaf Smith county against W. O'Brien, on which there was a balance due of $362.22; that on June 12, 1912, the First National Bank of Hereford obtained a judgment in the county court of Deaf Smith county against C. M. Hicks and Henry Hicks, and that on December 24, 1913, there was due on said judgment a balance of $302.50, with 10 per cent. interest from June 12, 1912, and $27.40 costs, less a credit on August 6, 1912, of $172.60; that a writ of garnishment was sued out by the bank on this judgment in the county court against O'Brien, and served on the 25th day of December, 1913; that by agreement of plaintiff in garnishment and the garnishee, answer to the writ might be made at any term of the court thereafter when the cause was called for trial; that the garnishee answered May 27, 1914, admitting an indebtedness to Hicks under the district court judgment of $362.22, and alleging that on January 6, 1914, the judgment had been transferred to G. W. Barcus by proper assignment, and asking that he be made party to the suit, tendered into court the amount of the judgment, and prayed for an adjudication of the rights of plaintiff, the defendant Hicks, and Barcus, with reference to the fund; that on the 8th day of January, 1914, Barcus caused an execution to issue on the district court judgment against O'Brien, which was returned 'not executed; and that shortly prior to the filing of plaintiff's petition for injunction a second execution on the district court judgment had been issued; and that Barcus was seeking to enforce collection of the judgment against the petitioner—prayed for injunction prohibiting the enforcement of the judgment by execution.

On August 12, 1914, G. W. Barcus filed his answer to plaintiff's petition for injunction, alleging, among other things, that he was the owner of the district court judgment against O'Brien, by virtue of written transfer from Hicks, that the judgment sought to be garnished was not a final judgment at the time of the issuance and service of the writ of garnishment, nor at the time same was transferred to him, and did not become final until some time after it had been assigned to him, alleging that he had purchased the judgment, and that there had been a verbal assignment prior to the issuance of the writ of garnishment.

On the petition and answer the district court granted a temporary restraining order, from which order Barcus appealed, and the Court of Civil Appeals reversed the judgment and remanded the cause.

In its opinion the Court of Civil Appeals held against the appellant on all propositions, save only that the application for injunction showed that the district court judgment sought to be enjoined is in the sum of $362.22, and the balance of the judgment in the county court against Hicks is only $129.90, with interest and costs, that there was no tender of the amount over and above the total sum due as principal,' interest, and costs of the county court, and that before the injunction should have been granted plaintiff should have tendered payment of the difference between the amount of the county court obligation and the district court judgment.

On application of O'Brien, writ of error was granted.

### Opinion.

The Court of Civil Appeals holds that, under article 4647, providing that no injunction shall be granted to stay any judgment or proceeding at law, except so much of the recovery or cause of action as the complainant shall in his petition show himself equitably entitled to be relieved against, and so much as will cover the costs, made it incumbent upon the plaintiff to show a tender of the difference between the amount of the county court judgment, interest and costs, and the amount of the district court judgment, before he would be entitled to the relief sought.

[1.] This brings before us the consideration of whether or not the plaintiff in error shows himself entitled to the equitable relief sought, when it appears from his petition that the amount of his indebtedness to Hicks, and owned by the assignee Barcus, exceeded the demand of plaintiff in garnishment, and a failure on his part to tender this excess to the owner of the judgment on which execution has issued.

It becomes necessary to determine the effect of two statutory provisions: First, the garnishment statute, article 279, Vernon's Sayles' Statutes, which provides that "from and after the service of such writ of garnishment, it shall not be lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects"; and, secondly, article 4647, providing that "no injunction shall be granted to stay any judgment or proceedings at law, except so much of the recovery or cause of action as the complainant shall in his petition show himself equitably entitled to be relieved against, and so much as will cover the costs."

Under the garnishment statute it is declared to be unlawful for the garnishee, after service of the writ, to pay out any money or deliver any effects to the defendant in garnishment. The harshness of this inhibition is urged. It is contended that under this statute, if given full force and effect, a plaintiff in garnishment may tie up a very large indebtedness as security for a small amount due him from the principal debtor, and held in custodia legis during

the pendency of the garnishment proceedings, thus leaving the owner of the indebtedness without remedy. It is also contended that, as O'Brien has come into a court of equity seeking relief, he must do equity, and under the provisions of article 4647 will be required to tender the difference between the judgment sought to be enjoined and the judgment involved in the garnishment proceeding.

We are of the opinion that the petitioner has brought himself within the purview of article 4647 when he shows that the owner of the judgment is seeking to enforce same against him while he is resting under the prohibition contained in article 279. Gause v. Cone, 73 Tex. 239, 11 S. W. 162.

[2] As disclosed by this record, the assignee of Hicks occupies no better position than Hicks occupied; and, if in fact he took the judgment after garnishment had been served, he took it subject to the legal embarrassment then resting upon its enforcement; and, should he be required to await the determination of the county court garnishment suit, he rests under this burden by a failure on his part to protect himself against same in the purchase of the judgment. At the time he bought the judgment, if purchased after garnishment, it rested within his power to require Hicks, as defendant in the garnishment suit, to have filed the replevy bond authorized under article 279, or take such other steps as he might have deemed sufficient to protect him. Having failed in this, he ought not to be heard to complain of the delay which might result in the collection of his judgment by reason of the garnishment proceeding.

It would be extremely hazardous to require the garnishee in this instance to presuppose the amount of recovery which the plaintiff in garnishment might obtain, and for which he might be responsible at the end of the garnishment litigation. It would be necessary for him to do this before he could, with safety to himself, have tendered any amount to the owner of the district court judgment at the time he sought the writ of injunction.

We are therefore of the opinion that, as the record has been presented, the Court of Civil Appeals erred in reversing and remanding this case, and that the temporary injunction was correctly issued. As to what may be developed by the facts on the trial of the injunction proceedings is not before us at this time for consideration.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the order of the district judge be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.