## FIRST STATE BANK & TRUST CO. OF TAYLOR v. BLUM et al.   (No. 6717.)

(Court of Civil Appeals of Texas. San Antonio. March 22, 1922. Rehearing Denied April 19, 1922.)

**I. Appeal and error ⬚⟼759—Assignment not brought forward in brief presumed waived.**

An assignment of error not brought forward into appellant's brief will be presumed waived.

**2. Garnishment ⬚⟼220—Ownership of judgments against garnishee held question of fact for trial court.**

In garnishment wherein a bank was impleaded as the alleged owner of defendant's claim against the garnishee, the ownership of judgments on which such claim was based held a question of fact for the trial court.

**3. Appeal and error ⬚⟼1010(1)—Presumed finding against appellee's contention not disturbed where supported by sufficient evidence.**

On appeal from a judgment for plaintiff in garnishment proceedings, wherein a bank was impleaded as the alleged owner of certain notes on which judgments constituting the basis of defendant's claim against the garnishee were based, the court's presumed finding against the bank's contention that there was an equitable or verbal assignment of the notes will not be disturbed where supported by sufficient evidence, though its allegations prima facie indicated an equitable assignment.

**4. Garnishment ⬚⟼44 — Judgments rendered after service of writ but before time for answer held subject to garnishment.**

Judgments rendered against a garnishee after service of the writ but before he was required to answer became final when rendered, in the absence of motions for new trial or prosecution of appeals; and hence were subject to garnishment, as all funds owed defendant by the garnishee at the time of service of the writ or maturing before he is required to answer must be held by him subject to the judgment to be rendered (Rev. St. art. 279).

**5. Garnishment ⬚⟼109 — Defendant's assignment of judgments against garnishee held not to take them out of impounded funds.**

A garnishment defendant's assignment of final judgments rendered for him against the garnishee after service of the writ, but before the filing of the latter's answer, does not take the judgments, or the indebtedness thereby fixed, out of the funds impounded in the garnishee's hands; plaintiff's superior right having automatically attached thereto, thus depriving defendant of any power to transfer the property.

Appeal from District Court, Williamson County; Ireland Graves, Judge.

Action by O. J. Blum against R. J. Eckhardt, defendant, and others, as garnishees, in which the First State Bank & Trust Company of Taylor was impleaded. From a judgment for plaintiff, the bank appeals. Affirmed.

Harry A. Dolan and Melasky & Moody, all of Taylor, for appellant.

W. H. Nunn, of Georgetown, for appellee.

SMITH, J. This was a garnishment proceeding in which O. J. Blum was plaintiff, R. J. Eckhardt was defendant, and E. B. Simmons and others garnishees. The latter answered the writ, admitting indebtedness to Eckhardt. E. B. Simmons, one of the garnishees, however, impleaded the First State Bank & Trust Company of Taylor, alleging that it claimed to own Eckhardt's claim against Simmons, and prayed that this question be settled in the proceeding.

In a trial before the court without a jury, Blum recovered against the garnishees on their answers, and also recovered against the bank in the controversy with it as to the true ownership of the garnishees' obligations to Eckhardt. The bank alone has appealed.

[1] Appellant's first and second propositions of law are based upon its seventh as-

signment of error. As that assignment, however, is not brought forward into appellant's brief, it will be presumed to have been waived, and the two propositions fall with it.

The debt of E. B. Simmons, garnishee, in favor of Eckhardt, defendant in the garnishment proceedings, was based upon judgments obtained by the latter against the former in four suits in the county court of Williamson county, and those suits were based upon notes which Simmons had executed, and which were alleged to be owned by Eckhardt. The other garnishees, G. D. Simmons and G. D. Patterson, were indorsers on some of these notes, and in the county court judgments their liabilities were fixed accordingly. Two of the judgments in the county court were rendered on October 24, 1919, and the other two on April 20 and April 30, 1920, respectively. The writs of garnishment in the instant case were served on March 24, 1920. The original answers of all the garnishees were filed on June 7, 1920, and the garnishee, E. B. Simmons, filed an amended answer on June 23, 1920. It will be observed that two of the county court judgments were rendered more than a year prior to the service of the writs of garnishment, and that the remaining two judgments were rendered a few days after service of the writs, but several weeks before the garnishee answered.

[2, 3] The whole case turns primarily upon the question of whether or not appellant bank was the owner of the judgments rendered in favor of Eckhardt in the county court cases against the garnishees. This was a question of fact, to be determined by the court from the evidence, and which the court below has resolved against the bank. It appears from this evidence that at one time Eckhardt was president of the bank, and by reason of his position directed the making of loans to various parties which the bank authorities subsequently concluded were ill-advised. To secure the bank from losses likely to result from these loans, which were represented by promissory notes of individual customers, Eckhardt conveyed to that institution a large amount of his individual properties, and all the alleged improvident notes were endorsed over to Eckhardt, although retained in the possession of the bank with the further understanding, according to the bank's contention, that it was to undertake the collection of these notes as they matured, and credit the amounts thereof upon Eckhardt's obligations to the bank. The bank further contends that this understanding amounted to an equitable assignment of the notes to it, and that by reason thereof it was the owner of the notes sued on in the county court, and the real judgment creditors of the garnishees. It developed upon the trial that on April 30, 1920, Eckhardt, as the judgment creditor, in writing assigned to the bank the county court judgments rendered on April 20 and April 30, 1920, respectively, which was after the writs of garnishment were served, but before the garnishees answered. All these matters were set up by the bank in support of its contention that the amounts owing by the garnishees by reason of the judgments were as a matter of fact and of law due to it, rather than to Eckhardt, the defendant in garnishment.

It must be said, however, that there was sufficient evidence to support the trial court's presumed finding against the bank's contention that there was an equitable or verbal assignment of the notes upon which the county court judgments were based, although the bank's allegations in that respect prima facie indicated an equitable assignment. Milmo Bank v. Convery, 8 Tex. Civ. App. 181, 27 S. W. 828. We will not disturb that finding. The only law questions, then, are: (a) Were the judgments rendered on April 20 and 30, 1920, subject to garnishment under the facts? and (b) were the assignments of those two judgments, on April 30, 1920, effective to divert them from the impounded properties?

[4] The writs of garnishment were served upon the garnishees (the judgment debtors) on March 24, 1920. The judgments were not rendered until April 20 and 30. Of course, these judgments were not subject to garnishment at the time of service of the writ, nor prior to their actual rendition. Nor were they subject to garnishment until they became final. If there had been filed motions for new trial, or if appeals had been prosecuted, the judgments would not have been subject to garnishment until the motions were overruled, or the appeal finally acted on, and the judgments affirmed. But, so far as the record here shows, there was neither motion nor appeal, and the judgments became final when rendered. At that time the garnishees had not answered, nor were they required to answer until a later date. In this situation, then, the judgments were subject to garnishment, for the simple reason that all funds which the garnishee owed to the defendant in garnishment at the time of service of the writ, or maturing prior to the time he is required to answer, must be held by him subject to the judgment to be rendered out of which the writ is issued. Article 279, R. S.; Thompson v. Bank, 66 Tex. 156, 18 S. W. 350; Gause v. Cone, 73 Tex. 239, 11 S. W. 162.

[5] It appears that on April 30, 1920, which was subsequent to the service of the writs but prior to the filing of the garnishee's answers, Eckhardt regularly assigned two of the judgments to the bank. But this assignment cannot be held to have taken the judgment, or the indebtedness thereby fixed, out of the impounded funds. These judgments became final while the garnish-

ment proceeding was pending, and the superior right of the plaintiff in garnishment automatically attached to the judgment, thus depriving the debtor of any power to transfer the property. Gause v. Cone, 73 Tex. 239, 11 S. W. 162.

The judgment will be affirmed.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes