### DOUBLE et al. v. SAWTELL et al.
#### (No. 211.)

(Court of Civil Appeals of Texas. Waco. April 9, 1925.)

**1. Appeal and error ⟨key⟩742(1)—Propositions in brief not predicated on assignment of error cannot be considered.**

Under rule 30 for Courts of Civil Appeals, propositions in brief which are not predicated

upon any assignment of error cannot be considered.

**2. Appeal and error ⟨key⟩731(5)—Assignment that it was error to find from the evidence that there was valuable consideration for contract cannot be considered.**

Under rules 24, 25, and 26 for Courts of Civil Appeals, assignment that it was error for the court to find from the evidence that there was valuable consideration for contract is insufficient to be considered.

**3. Appeal and error ⟨key⟩733—Assignment of error that judgment is not supported by evidence is insufficient.**

Under rules 24, 25, and 26, the Courts of Civil Appeals' assignment of error that judgment is not supported by evidence is insufficient to be considered.

**4. Appeal and error ⟨key⟩759—Failure to incorporate assignments of error in brief held to waive same.**

Under rule 32 for Courts of Civil Appeals, failure to incorporate assignments of error in brief held to waive same.

**5. Appeal and error ⟨key⟩719(8)—Correctness of findings cannot be reviewed, in absence of assignment of error brought forward in brief.**

Although findings of fact and conclusions of law could be reviewed, where there is a statement of facts in the record, notwithstanding there were no objections or exceptions to judgment or findings, provided proper assignments of error to findings were brought forward in brief, findings cannot be reviewed on failure to so challenge their correctness.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by J. B. Sawtell and others against C. C. Double and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Keys & Mason, of Mexia, for appellants.

Weatherby & Rogers, of Waco, for appellees.

STANFORD, J. This suit was filed by appellees to recover $1,162.46 on deposit in the First National Bank of Normangee, Tex., in the name of C. C. Double, appellees alleging that they entered into a contract, by the terms of which they purchased an interest in certain oil leases on which appellants were then drilling a well, and made deposits in said bank in the name of appellant Double in payment therefor, said money to be used only in payment for drilling said well for oil on said lands. Appellees alleged further that appellant Double had breached said contract by abandoning the drilling of said well, etc., and that there remained in said bank $1,162.46 of the money so deposited by appellees, etc. The case was tried before the court without a jury. The court filed findings of fact and conclusions of law, which are in no way challenged by appellants, and are hereby adopted by this court, as follows:

"Findings of Fact.

"I find as a fact that on July 3, 1923, the plaintiffs J. B. Sawtell and W. J. Laidlaw entered into a contract with the defendant C. C. Double in words and figures as follows:

"The State of Texas, county of McLennan:

" 'This agreement this day entered into by and between C. C. Double of Leon county, Texas, acting for himself and as attorney in fact for William W. Guelph of New York City, New York, and J. B. Sawtell and W. J. Laidlaw of McLennan county, Texas, witnesseth:

. " '(1) That the said C. C. Double and William W. Guelph are the owners of oil and gas leases on 2963 acres of land in Leon county, Texas, and are engaged in the drilling of an oil well on one of the tracts of land embraced in the said leases, and in consideration of ten thousand dollars ($10,000) paid, and to be paid, the said Sawtell and Laidlaw have this day executed an assignment of an undivided one-half interest in and to the said oil and gas lease contracts, which assignment is hereto attached and referred to as a part of this agreement.

" '(2) The said Sawtell and Laidlaw have paid this day to the said C. C. Double, the sum of two thousand dollars ($2,000) in cash, by placing same on deposit in the First National Bank of Normangee, Texas and they agree to place on deposit in said bank, the additional sum of five hundred dollars ($500) per week until the full amount of ten thousand dollars ($10,000) has been placed on deposit in said bank to the credit of the said C. C. Double, at which time, the said bank shall deliver to the said Sawtell and Laidlaw or their authorized agent, the assignment of an undivided one-half interest in the said 2963 acres of land, which assignment is hereto attached, and which it is agreed between the parties hereto shall be placed in escrow with the said bank for the purpose aforesaid.

" '(3) In the event the said Sawtell and Laidlaw shall fail to place the sum of five hundred dollars ($500) per week in the said bank, as above provided for, and after the expiration of one week after such installment is due, the said C. C. Double at his election, shall have the privilege of executing to the said Sawtell and Laidlaw an assignment of the oil and gas lease interest of himself and the said William W. Guelph in and to 1 acre of land out of the tract hereinafter mentioned for each ten dollars ($10) in money theretofore placed to the credit of the said C. C. Double by the said Sawtell and Laidlaw in the said bank, and thereupon the said bank is authorized and directed to deliver up to the said C. C. Double the assignment of the undivided one-half interest in the said 2963 acres hereto attached, and thereafter the same shall be null and void, and the said assignment of 1 acre for each ten dollars ($10) in money already paid shall be a full and final settlement between the parties hereto; that the land out of which the acreage may be conveyed to the said Sawtell and Laidlaw herein provided for, is that certain 1323 acres, being a part of the John Schritchfield league as described in deed from Arthur Geissler and wife to J. A. Heath, which is recorded in the deed records of Leon county, Texas, in Volume 21, pages 375, 376, and 377, to which reference is hereby made for full description of said land, and being the same land referred to in oil and gas lease from J. A. Heath and wife, Runnie Heath, to J. A. Heath, R. McDonald, and W. T. Hollis, dated January 2, 1922, and recorded in Volume 59, page 2 et seq. of the deed records of Leon county, Texas.

" '(4) The said C. C. Double agrees and binds himself to use the money placed on deposit in said bank only for the expenses of the drilling of the well, which is now being drilled on the above described 1323-acre tract of land, and to give the said Sawtell and Laidlaw immediate written notice of his intention to exercise his option of cancelling the assignment of the undivided one-half interest above referred to and substituting therefor specific acreage out of the 1323-acre tract on the basis of ten dollars ($10) per acre as above provided for.

" '(5) This contract is executed in triplicate, and one copy is delivered to the said C. C. Double, and one copy to the said Sawtell and Laidlaw and the third copy to the First National Bank of Normangee, Texas, for its guidance as escrow holder of the papers herein referred to, and the said bank, in determining whether or not it shall accept the lease to specific acreage out of the 1323-acre tract, and deliver up the assignment of the undivided one-half interest, shall refer to its books and if no deposit of the sum of five hundred dollars ($500) has been made by the said Sawtell and Laidlaw to the credit of the said C. C. Double within the period of two weeks and copy of one week's notice of C. C. Double's intention to exercise his option as above provided for, is presented to it, together with a registered letter receipt showing the mailing thereof, then, and in that event, the said bank shall deliver up to the said C. C. Double the assignment of one-half interest, and shall accept in lieu thereof assignment of specific acreage out of 1323-acre tract as herein provided for, and shall immediately mail the same to J. B. Sawtell, 1611 Amicable Building, Waco, Texas.

" 'In testimony whereof witness the hands of the parties hereto, this the 3d day of July, A. D. 1923. [Signed] J. B. Sawtell, W. J. Laidlaw, C. C. Double, for Himself and as Attorney in Fact for William W. Guelph.'

"I find that in accordance with the said contract the plaintiffs, on July 3, 1923, paid to the defendant Double the sum of $2,000 in cash by placing same on deposit in the First National Bank of Normangee, and that thereafter, during a period of six weeks, the plaintiffs likewise deposited in the said bank the sum of $500 per week until a total of $5,000 had been deposited in said bank, including the $2,000 original cash payment.

"I find that the defendant Double, in accordance with said contract, continued the drilling of said oil well for a period of about 6 weeks, and that he then jammed a drill stem in the hole, and thereupon requested plaintiffs to come to Normangee, Tex., and he advised them that it would be unprofitable to continue drilling under the contract, both to the plaintiffs and to himself, and that he desired to be relieved from further obligation under the contract; that plaintiffs and the defendant Double thereupon mutually agreed between themselves to abandon the contract, and that the balance of the funds on deposit in the First National Bank of Normangee, Tex., belonged to the plaintiff, but that the defendant Double was authorized to expend out of such funds such sum as was nec-

essary to discharge outstanding obligations incurred subsequent to July 3, 1923, and to remove such parts of the drilling machinery as he desired at that time to remove. I find that, in accordance with such agreement the said C. C. Double did pay out of said funds the sum necessary to discharge all outstanding obligations, except the sum of $75 to cover an item of hauling by Mr. Shaw, which obligation is still unpaid. I further find that after discharging the said obligations and paying out said funds, there remained in the First National Bank of Normangee the sum of $1,162.46, which is still on deposit in said bank, and that after paying out such funds and removing such parts of the said drilling machinery as the said C. C. Double desired to remove as contemplated by the verbal contract of settlement, the said defendant Double thereupon left Normangee, Tex., and entirely abandoned all operation under the terms of the original contract, dated July 3, 1923, and that he considered all matters between himself and the plaintiffs fully settled, and that the money remaining in the said bank belonged to plaintiffs; that, thereafter the said C. C. Double undertook to withdraw said funds from said bank, but without authority to do so, and thereupon for the first time sought to exercise the option contained in paragraph No. 3 as set forth in the contract hereinabove set out, dated July 3, 1923. I find that at the time the said Double undertook to exercise such option, the said contract had been entirely superseded by the mutual verbal agreement hereinabove noted, by the terms of which the original contract had been abandoned. I further find that the said defendant Double was not entitled to exercise his said option, for the reason that he had agreed to abandon the said contract because he thought the same unprofitable to him, and for the further reason that the plaintiffs were not in default in their payments as contemplated by the terms of the said contract of date July 3, 1923. I further find that the leases referred to in the written contract have expired and are null and void.

## "Conclusions of Law.

"I conclude as a matter of law that the funds now on deposit in the First National Bank of Normangee to the credit of the said C. C. Double, which were placed there by the plaintiffs under the terms of the said contract of date July 3, 1923, belong to and are the property of the plaintiffs, and that they are entitled to withdraw the same from said bank, and that said bank is authorized to pay the same to plaintiffs, excepting therefrom, however, the sum of $75 which should be paid to the defendant Double as part of the expenses of drilling the oil well under the terms of the original contract."

## Opinion.

[1] Appellees have presented numerous objections to our consideration of various parts of appellants' brief, and while we are not inclined to adhere strictly to the rules for briefing, yet, in this instance, we are compelled to sustain most of appellees' objections.

Appellants' propositions 1 and 2 under their first assignment of error, and their proposition No. 1 under their second assignment, cannot be considered, because same are not predicated upon any assignment of error, but are based upon sections 1 and 2 of appellants' bill of exceptions. Rule 30 for Courts of Civil Appeals; Evans v. Houston Co. (Tex. Civ. App.) 211 S. W. 605; St. L. S. W. Ry. Co. v. Ledbetter (Tex. Civ. App.) 153 S. W. 646.

[2, 3] Appellants' second assignment of error is as follows: "It was error for the court to find from the evidence that there was a valuable consideration for said verbal contract," and appellants' fourth assignment is as follows: "The judgment is not supported by the evidence." These two assignments of error are insufficient to be considered, even if they had been incorporated in appellants' brief. Rules 24, 25, and 26 for Courts of Civil Appeals; Consolidated Co. v. Conring (Tex. Civ. App.) 33 S. W. 547; Weatherford v. McFadden, 21 Tex. Civ. App. 260, 51 S. W. 548; Cline v. Hackbarth, 30 Tex. Civ. App. 591, 71 S. W. 48; Goodwin v. Mortsen, 60 Tex. Civ. App. 287, 128 S. W. 1182; American Nat. Bank v. Warner (Tex. Civ. App.) 176 S. W. 863.

[4, 5] Appellants having failed to incorporate any of their assignments of error in their brief, thereby waived same, and are therefore before this court without any assignment of error entitled to consideration. Rule 32 for Courts of Civil Appeals; St. L. & S. F. Ry. Co. v. McClain, 80 Tex. 85, 15 S. W. 789; First State Bank v. Blum (Tex. Civ. App.) 239 S. W. 1035. There is no objection or exception to either the judgment or the findings of fact and conclusions of law of the trial court. However, there is a statement of facts in the record. This being true, if there were proper assignments of error to said findings brought forward in appellants' brief, we would be authorized to review said findings of fact and conclusions of law. Lieber v. Nicholson et al. (Tex. Com. App.) 206 S. W. 512; Temple Hill Development Co. v. Lindholm (Tex. Com. App.) 231 S. W. 321. But, as there is no assignment challenging the correctness of said findings brought forward in appellants' brief, we are precluded from reviewing same, and must presume such findings are correct. We will say, however, that we have examined the statement of facts sufficiently to say it is our opinion the court's findings of fact are supported by the evidence, and if there were assignments properly briefed attacking same, they would have to be overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.