## JOHNSON v. WILEY et al.   (No. 2811.)

Court of Civil Appeals of Texas. Amarillo.
April 6, 1927.

Appeal and error ⬉759—Where assignment of error in motion for new trial is not brought forward in brief on appeal, such assignment is waived.

Where assignment of error in motion for new trial is not brought forward in appellant's brief, such assignment is waived and cannot be considered by Court of Civil Appeals.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Suit by J. W. Wiley and another against Charles Johnson. From a judgment for plaintiffs, defendant appeals. Affirmed.

Jas. A. Stephens, of Benjamin, for appellant.

J. S. Kendall, of Munday, for appellees.

JACKSON, J. This suit was instituted in the district court of Knox county, Tex., by J. W. Wiley and C. W. Brown, who are appellees here, to recover against Charles Johnson, the appellant, a commission for the sale of real estate. The petition alleges that as real estate agents they sold the appellant's land to one C. White, and sufficiently alleges the cause of action.

Appellant answered by general denial, admitted by special answer that he had listed the land with appellees for sale; that they had brought to him a prospective purchaser, at which time he advised them that they would have but one week in which to negotiate the sale, after which time the place would be off the market; that the week expired, and appellees failed to procure a purchaser, and at the date the property was sold to C. White the listing contract with appellees had been terminated; and that they were not the procuring cause in making the sale.

The case was submitted to the jury on spe-

cial issues, in answer to which they found in effect that the appellant had listed his property with appellees for sale, and that they were the procuring cause of the sale to C. White; that the reasonable commission for the sale was 3 per cent. of the purchase price, but the sale was not made on the terms of the listing contract. On this verdict the court rendered judgment for appellees for the sum of $360, with costs of suit, etc.

The appellant filed his motion for a new trial, which contains but one assignment, and that is to the effect that the judgment rendered against him is contrary to law and not supported by the testimony.

[1] Appellant failed to bring forward in his brief any assignment of error, for which reason such assignment is waived and cannot be considered by this court. Supreme Assembly of Modern Americans v. Mitchell (Tex. Civ. App.) 275 S. W. 224; Double et al. v. Sawtell (Tex. Civ. App.) 271 S. W. 646; Schaff v. Stripling (Tex. Civ. App.) 265 S. W. 264.

However, if appellant had copied his only assignment, which was that the evidence was insufficient to support the judgment, into his brief, we would not be in a position to pass upon its correctness, for the reason that the record contains no statement of facts.

There is no error apparent of record; therefore the judgment is affirmed.