## WAY v. WILSON.
### No. 9637.

Court of Civil Appeals of Texas. Galveston.
Dec. 3, 1931.

Geo. A. Byers, of Houston, for appellant.

Abe W. Wagner and A. Milton Vance, both of Houston, for appellee.

GRAVES, J.

Under the disposition determined upon for this appeal, no opinion is required of this court; in deference, however, to the able counsel for both sides, who have so painstakingly briefed it for presentation here, this statement of the ground of the affirmance of the judgment will be made:

A sufficient statement of the nature and result of the cause as well as of the considerations upon which it was determined below, is contained in these findings of fact and conclusions of law filed by the learned judge of the trial court:

"In response to request of the plaintiff, the court files the following as its conclusions of law and fact in said cause:

"1. That the plaintiff, L. C. Way, recovered a judgment against H. H. Fisher in this court in cause No. 29,066 on January 16th, 1930, for the sum of $230.30, with interest at the rate of six per cent., per annum, and costs of suit amounting to $10.00.

"2. That on April 30th, 1930, a writ of garnishment was sued out and served on the same day on the garnishee, Hugh Wilson commanding him to appear and answer on the 5th day of May, 1930.

"3. That the Garnishee filed an answer herein denying that he was indebted to the defendant on May 6th, 1930.

"4. That May 5th, 1930, was the first day of the next term of court ensuing after April 30th, 1930, and that the next ensuing term of court commenced July 7th, 1930.

"5. That on the 17th day of May, 1930, the court at the instance of attorney for garnishee signed a judgment in favor of the garnishee, which judgment was thereafter during the same term of court, set aside on motion of the plaintiff.

"6. On Sept. 26th, 1930, the plaintiff filed a controverting affidavit, contesting the answer theretofore filed by the garnishee, and setting up that the garnishee, to the best of plaintiff's knowledge and belief, was indebted to the defendant at the time the writ was served, and had since become indebted to him in further sums of money for rent due and owing by the garnishee to said defendant.

"7. That on October ———, 1930, the garnishee filed another answer, termed a supplemental answer, in which he referred to his original answer, and replead it, and praying for his discharge and for compensation in the sum of One Hundred Dollars.

"8. On Nov. 3rd, plaintiff filed a second denial under oath, and contest of garnishee's answer, and setting up that since the original service of the writ of garnishment, the garnishee had become indebted to the defendant in further sums of money for rent.

"9. No additional pleadings were filed by the garnishee, and the cause came on to be heard on the pleadings above referred to.

"10. The garnishee, Hugh Wilson, being called to the stand by the plaintiff, testified that he knew the defendant, H. H. Fisher, that said H. H. Fisher lived in a duplex located at No. 2201 Wentworth Avenue in the City of Houston, said H. H. Fisher living in one of the departments of said duplex, and garnishee in the other; that garnishee had rented said apartment from the defendant, H. H. Fisher since August 1928, and paid the rent to Mrs. H. H. Fisher; that at first he paid $75.00 per month, but later on had paid rent at the rate of $65.00 per month; that on the date garnishment in this suit was served on him, April 30th, 1930, he did not owe any rent, having paid his rent for a month in advance on April 16th, 1930, and did not owe any rent on the date he filed his answer herein on May 6th, 1930; that since the last named date, he had paid the $65.00 per month rent on the 16th day of each month up to the date of trial. That the defendant, H. H. Fisher, and his wife occupied one apartment in said duplex and the garnishee the other apartment.

"11. That $25.00 is a reasonable attorney fee for answering the writ of garnishment.

"Conclusions of Law:

"From the foregoing facts, the court concludes that the garnishee not having been indebted to the defendant in any sum of money on the date the writ of garnishment was served on him, April 30th, or up to and including the date of his first answer herein, May 6th, 1930, that the garnishee is entitled to be discharged with his costs, including a reasonable attorney's fee for filing an answer herein.

"The court is of the opinion that in order for the plaintiff to have impounded any installment of rent due by the garnishee to the defendant after the filing of garnishee's answer herein on the 6th day of May, 1930, it would have been necessary for the plaintiff to have sued out further writs of garnishment, and, failing to do this, the payments of rent made by the garnishee to the defendant since the filing of garnishee's original answer herein on May 6th, 1930, were not reached or impounded by the writ of garnishment issued and served on April 30th, 1930.

"Nat H. Davis,
"Judge County Court at Law of Harris County, Texas."

Appellant's position here is that the service of the writ of garnishment of April 30 of 1930 impounded all funds and indebtedness due by the garnishee to the defendant from that date up to (a) the time of the filing of garnishee's answers; (b) to the date of filing of the controverting affidavit by the plaintiff in garnishment; and (c) up to the time of the trial.

But we conclude rather that the trial court was right in holding that it only impounded such indebtedness as might be found to have existed during the period from and after the service of the writ up to and including the date of the filing of the answer, that is, from the time of such service on April 30, 1930, up to and including May 6, 1930; no indebtedness having been on sufficient evidence found to have existed during that interval, and no new writ having been sued out, judgment rightly went for the garnishee. Planters' & Mechanics' Bank v. Floeck, 17 Tex. Civ. App. 418, 43 S. W. 589 (writ of error denied); ·Hall v. Nunn Electric Co. (Tex. Civ. App.) 183 S. W. 13 (error refused); Medley v. American Radiator Co., 27 Tex. Civ. App. 384, 66 S. W. 86 (error refused); Tirrell v. Canada, 25 Tex. 455; Gause v. Cone, 73 Tex. 239, 11 S. W. 162; Armengol v. Richter (Tex. Civ. App.) 141 S. W. 1028 (error refused); Alexander v. Berkman (Tex. Civ. App.) 3 S.W.(2d) 864; Shropshire v. Bank (Tex. Civ. App.) 196 S. W. 977; R. S. article 4081, 4088.

Neither, we think, was the garnishee compelled to wait before filing his answer, with the above-stated consequent effect, until the subsequent term of court beginning July 7 of 1930, because of the fact that he was served less than 10 days before the next ensuing term thereafter beginning on May 5 of 1930; the statute itself specifying that he should file his answer on or before appearance day of such next term. R. S. article 4087, Citizens' National Bank of Lubbock v. First Nat. Bank of Bronte (Tex. Civ. App.) 14 S.W.(2d) 1043 (error refused); Planters' & Mechanics' Bank v. Floeck, 17 Tex. Civ. App., 418, 43 S. W. 589; First National Bank v. Cole (Tex. Civ. App.) 264 S. W. 926; R. S. articles 2036, 2046, 2047; 28 Corpus Juris, page 224, "Garnishment."

An affirmance will accordingly enter.

Affirmed.